

**SO ORDERED.**

**SIGNED this 22 day of June, 2009.**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____
Richard Stair Jr.
**UNITED STATES BANKRUPTCY JUDGE**

_____

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

DAVID W. OLIVER

        Debtor

Case No.  08-31832

N. DAVID ROBERTS, JR.

        Plaintiff

v.

DAVID W. OLIVER

        Defendant

Adv. Proc. No. 08-3129

**MEMORANDUM AND ORDER ON
DEFENDANT'S LIMITED MOTION TO RECONSIDER**

This matter is before the court upon the Defendant's Correction of Facts Considered by This Court in Motion for Summary Judgment and, Limited Motion to Reconsider (Limited Motion to Reconsider) filed by the Defendant on June 1, 2009, asking the court to consider as evidence an attached non-certified copy of a Quit Claim Deed between the Defendant and Aaron M. Householder

and to dismiss the portion of the Plaintiff's Complaint objecting to his discharge under 11 U.S.C. § 727(a)(2)(A) (2006). On June 12, 2009, the Plaintiff filed his Response to the Limited Motion to Reconsider, arguing that the Quit Claim Deed attached to the Defendant's Motion to Reconsider is unauthenticated and that the document had been submitted by him as Exhibit K to his Affidavit filed on December 15, 2008, in support of his opposition to the Defendant's Motion for Summary Judgment filed on November 16, 2008, but was successfully stricken from the record by the Defendant pursuant to his Motion to Strike filed on January 6, 2009, and cannot now be used to contradict the Defendant's sworn Affidavit filed in support of his Motion for Summary Judgment. The court finds the Plaintiff's arguments to be well taken.

Under the Federal Rules of Evidence, authenticity is a "condition precedent to admissibility[,]" FED. R. EVID. 901(a), and in order to be admissible for purposes of summary judgment, "documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) of the Federal Rules of Civil Procedure." *Roberts v. Oliver (In re Oliver)*, slip op., 2009 WL 1475046, at *4 (Bankr. E.D. Tenn. May 22, 2009) (quoting *King v. Ohio*, 2009 U.S. Dist. LEXIS 1214, at *64, 2009 WL 73875, at *22 (S.D. Ohio Jan. 8, 2009). Because the Quit Claim Deed attached to the Limited Motion to Reconsider is not certified, it is not self-authenticating, is not admissible for purposes of summary judgment, and does not serve to rebut the sworn testimony of the Defendant in his Affidavit submitted as Exhibit B to his Motion for Summary Judgment filed on November 6, 2008.

The Limited Motion to Reconsider filed by the Defendant on June 1, 2009, is DENIED.

###